## Exhibit C

**Declaration of Janet R. Naifeh**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| TRIVASCULAR SALES LLC, *et al.*,[1] | § | Case No. 20-31840 (SGJ) |
| | § | |
| Debtors. | § | (Jointly Administered) |

## DECLARATION OF JANET R. NAIFEH IN SUPPORT OF THE APPLICATION OF THE DEBTORS FOR AN ORDER AUTHORIZING THE EMPLOYMENT AND RETENTION OF FTI CONSULTING, INC. AS FINANCIAL ADVISOR FOR THE DEBTORS *NUNC PRO TUNC* TO THE PETITION DATE

Pursuant to 28 U.S.C. § 1746, I, Janet R. Naifeh, declare as follows:

1.      I am a Senior Managing Director of the Corporate Finance and Restructuring practice at FTI Consulting, Inc. (together with its wholly owned subsidiaries, agents, independent contractors and employees "FTI"), a leading global business advisory firm with 103 offices worldwide and approximately 5,700 professionals.  I have over twenty years of experience in restructuring matters and have been involved in numerous large and complex restructurings.  I have extensive experience working with debtors and creditors in bankruptcy and out-of-court restructurings, providing pre-lending due diligence on behalf of parties in interest, negotiating new and existing financing agreements, and performing estate wind-down services.  I received a B.S. in Finance from the University of Tennessee.  I submit this declaration (the "Declaration") on behalf of FTI and in support of the *Application of the Debtors for Entry of an Order Authorizing the Retention and Employment of FTI Consulting, Inc. as Financial Advisor for the Debtors Nunc*

---

[1]      The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: TriVascular Sales LLC (9179), Endologix, Inc. (8265), CVD/RMS Acquisition Corp. (8438), TriVascular Technologies, Inc. (7313), RMS/Endologix Sideways Merger Corp. (2974), Nellix, Inc. (8416), TriVascular, Inc. (2620), and Endologix Canada, LLC (2872).  The corporate headquarters and the mailing address for the Debtors listed above is 2 Musick, Irvine, California 92618.

*Pro Tunc to the Petition Date* filed contemporaneously herewith (the "Application").[2]  Except as

otherwise noted,[3] I have personal knowledge of the matters set forth herein, and if called and sworn

as a witness, I could and would testify competently thereto.

### QUALIFICATIONS OF FTI

2.      FTI provides financial advisory services in areas ranging from corporate finance

and restructuring to interim management, economic consulting, forensic and litigation consulting,

strategic communications, and technology.  FTI is a global advisory firm which, through its five

practice groups and affiliated entities, and its 5,700 employees in 27 countries, provides a variety

of services to third parties including by way of example and not limitation, corporate finance and

restructuring, forensic and litigation consulting, technology services, economic consulting and

strategic communications.

3.      FTI's clients include many of the world's largest companies, as well as a majority

of the 10 largest bank holding companies and nearly all of the top 100 law firms in the world.

Within the Corporate Finance/Restructuring business unit, FTI's expertise includes liquidity and

capital structure assessment, debt and equity restructuring advice and identification of

reorganization alternatives.  FTI has significant experience assisting distressed companies with

day-to-day management activities, including development of pro forma financials and business

plans, cash flow management, and implementation of liquidity-enhancing and cost-saving

strategies.

4.      FTI has advised management, senior lenders, and unsecured creditors in several

---

[2]      Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the
Application.

[3]      Certain of the disclosures herein relate to matters within the personal knowledge of other professionals at
FTI and are based on information provided by them.

significant restructurings and turnarounds in recent years, including *In re Adeptus Health Inc.*, *In re Borden Dairy Company*, *In re Promise Healthcare Group, LLC*, *In re Monitronics International, Inc.*, *In re McDermott International, Inc.*, *In re General Motors Corporation*, *In re Orion HealthCorp, Inc.*, *In re Calpine Corporation*, *In re Quorum Health Corporation*, *In re Global Power Equipment Group Inc.*, *In re Tower Automotive Inc.*, *In re Southeastern Grocers, LLC*, *In re Refco Inc.*, *In re Dana Corporation*, *In re Bally Total Fitness of Greater New York, Inc.*, *In re Circuit City Stores Inc.*, *In re Delphi Corporation*, *In re Flying J Inc.*, *In re Lehman Brothers Holdings Inc.*, *In re Joerns WoundCo Holdings, Inc.*, *In re Townsends, Inc.*, *In re Tribune Company*, *In re Nortel Networks Inc.*, *In re Washington Mutual, Inc.*, *and In re WCI Communities, Inc.*, among others.  FTI has a wealth of experience in providing restructuring and financial advisory services in restructurings and reorganizations, and enjoys an excellent reputation for services it has rendered in large and complex chapter 11 cases on behalf of debtors and creditors throughout the United States.

5. The Debtors' Board of Directors has authorized the employment and retention of professionals, including, but not limited to, FTI, to provide all assistance that may be deemed necessary or proper with a view to the successful resolution of these chapter 11 cases.

6. In providing prepetition services to the Debtors in connection with these matters, FTI has taken an active role in spearheading the Debtors' efforts to prepare for their chapter 11 filings.  Accordingly, FTI has developed significant relevant experience and expertise regarding the Debtors that will assist in providing the Debtors with effective and efficient services in these chapter 11 cases.

3

## SCOPE OF SERVICES TO BE PROVIDED BY FTI

7.      As set forth in the Engagement Agreement between FTI and the Debtors, FTI has been providing, and will continue to perform, the services described below, with the goal of assisting the Debtors, in a cost effective manner, in the planning, analysis of, and execution of a restructuring that is intended to maximize value for all constituents and minimize disruption to the Debtors' operations.

8.      Among other things, FTI has provided, or will provide on a prospective basis upon the Court's approval of the Application, services in the following categories (collectively, the "Services"):

a.      Assistance to the Debtors in the preparation of financial-related disclosures required by the Court, including the Schedules of Assets and Liabilities, the Statement of Financial Affairs and Monthly Operating Reports;

b.      Assistance to the Debtors with information and analyses required pursuant to the Debtors' debtor-in-possession ("DIP") financing including, but not limited to, weekly reporting to the Debtors' DIP lender;

c.      Assistance with the identification and implementation of short-term cash management procedures;

d.      Advisory assistance in connection with the development and implementation of key employee retention and other critical employee benefit programs;

e.      Assistance and advice to the Debtors with respect to the identification of core business assets and the disposition of assets or liquidation of unprofitable operations;

f.      Assistance with the identification of executory contracts and leases and performance of cost/benefit evaluations with respect to the affirmation or rejection of each;

g.      Assistance regarding the valuation of the present level of operations and identification of areas of potential cost savings, including overhead and operating expense reductions and efficiency improvements;

h.      Assistance in the preparation of financial information for distribution to creditors and others, including, but not limited to, cash flow projections and

4

budgets, cash receipts and disbursement analysis, analysis of various asset and liability accounts, and analysis of proposed transactions for which Court approval is sought;

i.     Attendance at meetings and assistance in discussions with potential investors, banks and other secured lenders, any official committee(s) appointed in these chapter 11 cases, the U.S. Trustee, other parties in interest and professionals hired by such parties, as requested;

j.     Analysis of creditor claims by type, entity and individual claim, including assistance with development of databases, as necessary, to track such claims;

k.     Assistance in the preparation of information and analysis necessary for the confirmation of a plan in these chapter 11 cases;

l.     Assistance in the evaluation and analysis of avoidance actions, including fraudulent conveyances and preferential transfers;

m.     Litigation advisory services with respect to accounting and tax matters, along with expert witness testimony on case-related issues as required by the Debtors; and

n.     Such other general business consulting or such other assistance as the Debtors' management or counsel may deem necessary that are consistent with the role of a financial advisor and not duplicative of services provided by other professionals in these chapter 11 cases.

## **FTI'S DISINTERESTEDNESS**

9.     FTI has informed the Debtors that, to the best of FTI's knowledge, information, and belief, other than as set forth herein, FTI:  (a) has no connection with the Debtors, their creditors, their equity security holders or other parties in interest or their respective attorneys or accountants, the U.S. Trustee, or any person employed in the office of the U.S. Trustee in any matter related to the Debtors and their estates; (b) does not hold any interest adverse to the Debtors' estates; and (c) believes that it is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code.

10.     In connection with the preparation of this Declaration, FTI requested and obtained from the Debtors' proposed counsel a list of interested parties and significant creditors in these

chapter 11 cases (the "Interested Party List").    The Interested Party List is attached hereto as **Schedule A**.

11.    FTI then compared the names of each party on the Interested Party List to the names contained in a database of current and former clients and other relationships (the "Client Database").  The Client Database generally includes:  (a) the name of each client of FTI; (b) the name of each party who is or was known to be adverse to such client of FTI in connection with the matter in which FTI is or was engaged for such client; (c) the name of each party that has, or had, a substantial role with regard to the subject matter of FTI's retention; and (d) the names of FTI professionals who are, or were, primarily responsible for matters for such clients.

12.    To the best of my knowledge, information, and belief, after reasonable inquiry, other than as disclosed in this Declaration or as set forth on **Schedule B** attached hereto, neither I, FTI, nor any of our professionals or employees participating in or connected with FTI's engagement with the Debtors:  (i) is related to the Debtors or any other party in interest herein, the U.S. Trustee, or anyone employed in the office of the U.S. Trustee; (ii) has any connection with or holds or represents any interest adverse to the Debtors, their estates, their creditors, any other party on the Interested Party List, or their respective attorneys in the matters on  which FTI is proposed to be employed; or (iii) has advised any party on the Interested Party List,  except for the Debtors, in connection with these chapter 11 cases.  In addition, FTI does not believe that any relationship that it, or any of its professionals or employees participating in or  connected with FTI's engagement with the Debtors may have with any party on the Interested Party List in connection with any unrelated matter will interfere with or impair FTI's representation of the Debtors in these chapter 11 cases.

13.     As set forth in further detail herein, FTI is a global business advisory firm.  As can be expected with respect to any international professional services firm such as FTI, FTI provides a wide range of services to many clients, which may include one or more entities with interests in these chapter 11 cases.  To the best of my knowledge, FTI's services for such clients does not relate to these chapter 11 cases.

14.     By way of further disclosure:

a.      From time to time, FTI has provided services, and likely will continue to provide services to certain attorneys, other professionals, creditors (including lenders) and/or security holders of the Debtors and various other parties, some of whom may be providing services to, or may be adverse to, or may be otherwise connected to, the Debtors, in each case in matters unrelated to these chapter 11 cases.

b.      FTI is engaged in providing various consulting services through five business segments:  Corporate Finance & Restructuring, Economic Consulting, Forensic & Litigation Consulting, Strategic Communications and Technology services globally to a wide range of institutions and individuals and may in the past have had, and may currently or in the future have, financial advisory or other investment banking or consulting relationships with parties that may have interests with respect to the Debtors.  Each of the FTI's five business segments is separate and distinct from the other, with separate employees and management.  Compass Lexecon is a wholly-owned subsidiary of FTI that provides economic consulting services, and operates separately from FTI, with separate management and employees.  In most locations, FTI and Compass Lexecon work out of separate office locations.

c.      In the ordinary course of business, investment funds in which FTI's employees may have financial interests, but over whose investment decisions such employees have no input or control, may acquire, hold or sell, long or short positions, or trade or otherwise effect transactions, in debt, equity, and other securities and financial instruments (including bank loans and other obligations) of, or investments in, the Debtors or other parties that may have an interest in these chapter 11 cases or have other relationships with such parties.  With respect to any such securities, financial instruments, and/or investments, all rights in respect of such securities, financial instruments, and investments, including any voting rights, will be exercised by the holder of the rights, in its sole discretion.  Moreover, the FTI employees who are working on these chapter 11 cases are subject to

compliance mechanisms and policies and procedures designed to prevent confidential, non-public information from being improperly shared.

d.  In the ordinary course of its business, FTI from time to time discusses issues concerning stressed and distressed companies with creditors and prospective creditors that are clients of the firm, or that otherwise contact FTI, or that are referred to the firm in light of FTI's reputation for covering such companies and/or relevant industry expertise.  At the time of those contacts, it is not known whether any particular company will actually file for bankruptcy, or if any of these creditors and/or potential creditors will serve on any future creditors' committee, or even be a creditor of the relevant estates in the event of a future bankruptcy.  It is also FTI's customary practice to communicate with and, when appropriate or requested, send materials to one, or more, of the largest unsecured creditors identified by a debtor and who are, therefore, potential members of a creditors' committee, if we either know, work with, are contacted by, or are otherwise referred to the relevant creditor.  In some circumstances, FTI may contact potential committee members with whom we are not previously familiar.

e.  FTI personnel may have business associations with certain creditors of the Debtors or counsel or other professionals involved in these chapter 11 cases on matters unrelated to these chapter 11 cases.  In addition, in the ordinary course of its business, FTI may engage counsel or other professionals in unrelated matters who now represent, or in the future may represent, creditors or other parties in interest in these chapter 11 cases.

15.  Given the large number of parties in interest in these chapter 11 cases, despite the efforts described above to identify and disclose FTI's relationships with parties in interest in these chapter 11 cases, FTI is unable to state with complete certainty that every client relationship or other connection has been disclosed.  In particular, among other things, FTI may have relationships with persons who are beneficial owners of parties in interest and persons whose beneficial owners include parties in interest or persons who otherwise have relationships with parties in interest.

16.  As these chapter 11 cases progress, new parties may become parties in interest and similarly, FTI may have been engaged, may currently be engaged and may in the future be engaged by such new parties in interest in matters unrelated to these chapter 11 cases.  Also, FTI may have engaged or had mutual clients with, may have a current engagement or have mutual clients with

8

and may in the future engage or have mutual clients with certain law firms, financial advisors, accounting firms, or other professionals that are parties on the Interested Party List or may become parties in interest, all in matters unrelated to these cases.  In addition, FTI may have also been engaged by, be currently engaged by, or in the future be engaged by persons who are creditors or shareholders of the Debtors, otherwise have a business relationship with the Debtors, or who are competitors of or customers of the Debtors.  Parties on the Interested Party List, parties that may become parties in interest in these chapter 11 cases, and persons that have business relationships with the Debtors, that are competitors of the Debtors, or that are customers of the Debtors, may be:  (a) parties in interest in other bankruptcy cases where FTI is acting as financial advisor and investment banker to the debtors or to other parties in interest or (b) may be affiliates of or creditors of persons who may have engaged, have currently engaged, or may in the future engage FTI.  In the ordinary course of its business, FTI may also purchase services or products from parties on the Interested Party List and other persons that are or may become parties in interest in these chapter 11 cases.

17.    Moreover, FTI's employees may have relationships with persons that may become parties in interest in these chapter 11 cases, and/or persons that have business relationships with the Debtors, are competitors of the Debtors or that are customers of the Debtors.  Continued inquiry will be made on a periodic basis, with additional disclosures to this Court if necessary or otherwise appropriate.

18.    To the best of my knowledge, information, and belief, some of FTI's present and future employees may have, or may in the future have, personal investment in funds, or other investment vehicles, over whose investment decisions such employees have no input or control.  Such entities may have made, or may in the future make, investment in the claims or securities of

the Debtors, or those of their creditors, or other parties in interest in these chapter 11 cases.  To the extent FTI discovers any facts bearing on the matters described herein during the period of FTI's employment, FTI will amend and supplement the information  contained in this Declaration to disclose such facts.

19.      Based on all of the foregoing, FTI is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code.

## TERMS OF RETENTION

20.      In accordance with the terms of the Engagement Agreement, the Debtors will pay FTI for the Services at the following hourly rates, which are subject to periodic adjustments:

| | |
|---|---|
| Senior Managing Directors | $920 – $1,295 per hour |
| Directors / Senior Directors / Managing Directors | $690 – $905 per hour |
| Consultants/Senior Consultants | $370 – $660 per hour |
| Administrative / Paraprofessionals | $150 – $280 per hour |

The Debtors have also agreed to reimburse FTI for all reasonable out-of-pocket expenses incurred in connection with these chapter 11 cases.

21.      FTI shall apply to the Court for allowance of compensation and reimbursement of expenses incurred in connection with these chapter 11 cases in accordance with the applicable provisions of the Bankruptcy Code, Bankruptcy Rules, Local Rules, and any other applicable procedures and orders of the Court.

22.      In the event FTI seeks reimbursement for attorneys' fees during the term of the chapter 11 cases, FTI will include the applicable invoices and supporting time records from such attorneys (in summary form and redacted for privilege and work product).

23.      I believe that the fee structure is reasonable and comparable to those generally charged by financial advisors and consultants of similar stature to FTI for comparable engagements, both in and out of chapter 11.

24.     To the best of my knowledge, (a) no commitments have been made or received by FTI with respect to compensation or payment in connection with these chapter 11 cases other than in accordance with the provisions of the Bankruptcy Code and (b) FTI has no agreement with any other entity to share with such entity any compensation received by FTI in connection with these chapter 11 cases.

25.     Neither I nor FTI, nor any professional associated with FTI, has been engaged by any entity other than the Debtors in connection with these chapter 11 cases.  Within the 90 days prior to the Petition Date, FTI received payment from the Debtors as follows:

| Invoice Date | Dates of Service | Invoice Amount | Payment Date | Payment Amount | Retainer Balance |
|---|---|---|---|---|---|
| 4/14/2020 | Retainer | $100,000.00 | 4/22/2020 | $100,000.00 | $100,000 |
| 4/22/2020 | 04/08/20 – 04/19/20 | $61,534.50 | 5/8/2020 | $61,534.50 | $100,000 |
| 4/29/2020 | 04/20/20 – 04/26/20 | $64,089.00 | 5/8/2020 | $64,089.00 | $100,000 |
| 5/6/2020 | 04/27/20 – 05/03/20 | $72,624.00 | 5/8/2020 | $72,624.00 | $100,000 |
| 5/12/2020 | 05/04/20 – 05/10/20 | $72,694.50 | 5/20/2020 | $72,694.50 | $100,000 |
| 5/19/2020 | 05/11/20 – 05/17/20 | $63,628.00 | 5/27/2020 | $63,628.00 | $100,000 |
| 5/22/2020 | 05/18/20 – 05/22/20 | $67,498.00 | 6/5/2020 | $67,498.00 | $100,000 |
| 5/31/2020 | 05/23/20 – 05/31/20 | $23,488.50 | 6/5/2020 | $23,488.50 | $100,000 |
| 6/3/2020 | Retainer | $200,000.00 | 6/5/2020 | $200,000.00 | $300,000.00 |
| 6/10/2020 | 06/01/20 – 06/07/20 | $70,016.50 | 6/10/2020 [from the Retainer] | $70,016.50 | $229,983.50 |
| 6/16/2020 | 06/08/20 – 06/14/20 | $101,126.50 | 6/19/2020 | $101,126.50 | $229,983.50 |
| 6/22/2020 | 06/15/20 – 06/21/20 | $187,954.50 | 7/1/2020 | $187,954.50 | $229,983.50 |
| 6/30/2020 | 06/22/20 – 06/30/20 | $218,339.00 | 7/1/2020 | $218,339.00 | $229,983.50 |
| 7/8/2020 | 07/01/20 – 07/05/20 | $134,983.50 | 7/8/2020 [from the Retainer] | $134,983.50 | $95,000.00 |

26.     To the extent that FTI was owed any outstanding fees and expenses in excess of the balance of any retainer as of the filing of these chapter 11 cases, FTI will write-off such amounts.

**INDEMNIFICATION**

27.     In addition to the preceding, and as a material part of the consideration for the agreement of FTI to furnish services to the Debtors, subject to the Court's approval of the Application, the Engagement Agreement entered into between the Debtors and FTI includes provisions indemnifying FTI as set forth below.  FTI believes that the following indemnification terms are customary and reasonable for financial advisors in chapter 11 cases:

a.      Subject to the provisions of subparagraph (b), infra, the Debtors shall indemnify, FTI in accordance with the Engagement Agreement for any claim arising from related to or in connection with the services provided for, whether pre-petition or post-petition, in the Engagement Letter;

b.      Notwithstanding any provisions of the Engagement Agreement  to the contrary, the Debtors shall have no obligation to indemnify FTI or provide contribution or reimbursement to FTI for any claim or expense that is either (i) judicially determined to have resulted primarily from the willful misconduct, gross negligence, bad faith or self-dealing of FTI, or (ii) settled prior to a judicial determination as to FTI's willful misconduct, gross negligence, bad faith or self-dealing, but determined by the Court, after notice and a hearing pursuant to subparagraph (c), infra, to be a claim or expense for which FTI should not receive indemnity, contribution or reimbursement under the terms of the Engagement Agreement; and

c.      If, before the earlier of (i) the entry of an order confirming a chapter 11 plan in these cases (that order having become a final order no longer subject to appeal), and (ii) the entry of an order closing these chapter 11 cases, FTI believes that it is entitled to the payment of any amounts by the Debtors on account of the Debtors' indemnification, contribution and/or reimbursement obligations under the Engagement Agreement, including without limitation the advancement of defense costs, FTI must file an application therefore in this Court, and the Debtors may not pay any such amounts to FTI before the entry of an order by this Court approving the payment.  This subparagraph (c) is intended only to specify the period of time during which the Court shall have jurisdiction over any request for indemnification, contribution or reimbursement by FTI and not a provision limiting the duration of the Debtors' obligation to indemnify FTI.

**NO DUPLICATION OF SERVICES**

28.     The Debtors and FTI intend that all of the services that FTI will provide to the Debtors will be appropriately directed by the Debtors so as to avoid duplication of efforts among

12

the other professionals retained in these chapter 11 cases and performed in accordance with applicable standards of the profession. FTI will work collaboratively with the Debtors and the Debtors' other professionals to avoid duplication of services among professionals.

29.     I believe that the services to be provided by FTI will complement and will not be duplicative of any services of the Debtors' other advisors and professionals.

30.     I am generally familiar with the Bankruptcy Code and the Bankruptcy Rules, and FTI will comply with them, subject to any order of this Court.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Dated:  July 19, 2020                    Respectfully submitted,

                                          By:  */s/ Janet R. Naifeh*_____
                                               Janet R. Naifeh
                                               Senior Managing Director,
                                               FTI Consulting, Inc.

**Schedule A**

**Interested Parties List**

**TriVascular Sales LLC - Interested Parties List**

**Debtors**
CVD/RMS Acquisition Corporation
Endologix Canada, LLC
Endologix, Inc.
Nellix, Inc.
RMS/Endologix Sideways Merger Corp.
TriVascular Sales LLC
TriVascular Technologies, Inc.
TriVascular, Inc.

**Non-Debtor Affiliates**
ELGX International Holdings GP
Endologix International Holdings B.V.
ELGX South Korea Ltd.
Endologix International B.V.
Endologix New Zealand Co.
Endologix Bermuda L.P.
Endologix Italia S.r.l.
Endologix Singapore Private Ltd.
Endologix Poland sp. zo.o
TriVascular Germany GmbH
TriVascular Switzerland Sarl
TriVascular Italia Sarl

**Current and Former Directors and Officers**
Abraham, Todd
Benner, Tim
Brown, Jeff
Chavez, Christopher G.
Chobotov, Michael
De John, Joseph
Elting, Kimberly
Fecho, Jeffry
Fernandez, Reyna
Hayden, Jeremy B.
Hebb, Elisa
Jayaramen, Viver
Jennings, David
Kiernan, Jane E.
Kramer, Michael
Krist, Robert
Lemaitre, Dan
Lima, Jose
Mahboob, Vaseem
McDermott, John
Mott, Richard
Neels, Guido J.
Norwalk, Leslie V.
O'Quinn, Shari L.
Onopchenko, John
Pinto, Cindy

Tansley, Valarie LS
Thompson, Matthew
Thunen, Shelley
Waller, Gregory D.
Wilder, Thomas C.
Zehren, John
Zenty III, Thomas F.

**Significant Equity Holders**
ArrowMark Colorado Holdings, LLC
Blackrock, Inc.
Brown Capital Management LLC
Camber Capital Management LLC
Columbia Wanger Asset Management, LLC
Corrib Master Fund, Ltd. (Hedge Fund)
Pinnacle Ventures III Equity Holdings
Saints Ventures II, L.P.
The Vanguard Group
Wellington Management Co. LLP

**Bankruptcy Professionals**
DLA Piper LLP (US)
FTI Consulting, Inc.
Jefferies Group, LLC
Omni Agent Solutions
Ernst & Young

**Ordinary Course Professionals**
Aon Consulting Inc
Bowman and Brooke LLP
Brentwood IP Law, P.C.
Christopher Robert LaQuay
CPA Global Limited
Dentons US LLP
Ernst & Young
FieldFisher LLP
Fish & Richardson P.C.
Foley & Lardner LLP
King & Spalding
Knobbe, Martens, Olson & Bear
KPMG US LLP
Law Office of David M. Griff
Ropes & Gray, LLP
Thompson Hine LLP

**Banking Institutions**
Bank of America, N.A.
Bank of Montreal
Piper Jaffray Companies
Piper Sandler Companies
Silicon Valley Bank

**TriVascular Sales LLC - Interested Parties List**

Wells Fargo Bank

**Secured Lenders and Creditors**
Bank of America, N.A.
BTIG, LLC
Deerfield ELGX Revolver, LLC
Deerfield Partners, L.P.
Deerfield Private Design Fund III, L.P.
Deerfield Private Design Fund IV, L.P.
Japan Lifeline Co., Ltd
Konica Minolta Premier Finance
US Bank Equipment Finance
Wells Fargo Bank, N.A
Wilmington Trust, N.A.

**Second Lien Creditors and Noteholders**
Blackwell Partners-LLC Series B
Citadel Equity Fund, Ltd.
Corrib Master Fund, Ltd.
LMAP Kappa Limited
Long Ball Partners, LLC
NPB Manager Fund, SPC.
PCH Manager Fund, SPC.
PFM Healthcare Master Fund, L.P.
Silverback Opportunistic Credit Master Fund
Limited

**Taxing Authorities**
Alabama Department of Revenue
Arizona Department of Revenue
Arkansas Department of Finance
Board of Equalization
Colorado Department of Revenue
Commissioner of Revenue Service
D.C. Treasurer
Department of Revenue
Hawaii Department of Taxation
Indiana Department of Revenue
Inland Revenue Authority of Singapore
Internal Revenue Service
Kentucky Department of Revenue
Louisiana Department of Revenue
Maine Secretary of State
Minnesota Revenue
Missouri Department of Revenue
Nevada Dept of Taxation
New Mexico Taxation and Revenue
New York State Corporation Tax Commission
North Carolina Department of Revenue
Oklahoma Tax Commission
Pennsylvania Department of Revenue

Secretary of State
South Carolina Dept of Revenue
State of Rhode Island
Tennessee Department of Revenue
Texas Secretary of State
Utah State Tax Commission
Virginia Department of Taxation
Wisconsin Department of Revenue

**Top 30 Unsecured Creditors**
Baker & McKenzie
Bank of America, N.A.
Begala, David
Demo Arts
FedEx
Fogarty, Dr. Thomas J.
Griffin, Robert C.
Hayes, James
Heuser, Richard
Japan Lifeline Co. Ltd
Kaiser Permanente
Kerr, Dr. Andrew
Lakey, Michael
LinkedIn Corporation
Maine Medical Center
Merit Medical System
Millennium Research Group
Neve, Sr. Kevin
OSCOR, Inc.
Qualtech Consulting Corp.
Reed, Donald
Salinas, Robert
Santoro, Ronald
Silversteen, Charles
Stockton, Raymond
Stradling, Yocca, Carlson & Rauth
Ventois, Inc.
Wells Fargo Bank, N.A., as Indenture Trustee of
the 3.25% Convertible Senior Notes due 2020
Wilmington Trust, N.A. as Indenture Trustee of
the 5% Mandatory Convertible Notes due 2024
Wilmington Trust, N.A. as Indenture Trustee of
the 5% Voluntary Convertible Notes due 2024

**Key Contract Parties**
AdventHealth
Adventist Health System Sunbelt Healthcare
Corporation
AHS Management Company, Inc.
Angiocor S.A.
Ardent Health Services

**TriVascular Sales LLC - Interested Parties List**

Arnot Ogden Medical Center
Bard Peripheral Vascular, Inc.
Baystate Medical Center
Blanche Holdings Ltd.
BSC Int'l Medical Transing (Shanghai) Co., Ltd.
Business Services Corporation
Carle Foundation Hospital
CarolinaEast Medical Center
Catholic Health Services of Long Island
CMS Medical
Commercial Medical Chile LTDA
DCH Regional Medical Center
Dignity Health
DSM Bio Medical, Inc.
Freeman Health System
Getinge Australia Pty Ltd.
GF Labor Comerico e Servico Ltda.
H.S. S.r.l.
Huntsville Hospital Health System
Incept LLC
Japan Lifeline Co., Ltd.
Kaleida Health
Main Line Hospitals, Inc.
McLaren Health Care Corporation
MedStar Health, Inc.
Medtronic Vascular, Inc.
Merit Medical Systems, Inc.
NorMedix, LLC
Owensboro Health Regional Hospital
Owensboro Health System
Presifarm S.r.l.
Resource Optimization & Innovation, LLC
Sofmedica SRL
Somnotec (S) PTE, Ltd.
Supply Chain Value Network, LLC
SurModics, Inc.
Thomas L. Fogarty, M.D.
Trinity Health Corporation
Tucson Medical Center
UC San Diego Health
University of Kentucky
University of Kentucky Medical Center
Vidant Health
Vidant Medical Center
Vitoria Hospitalar
Washington Regional Medical Center
Wellmont Health System
Zeus Industrial Products, Inc.

**Landlords**
The Northwestern Mutual Life Insurance Company
Sonoma Airport Properties, LLC

**Utility Companies**
AT&T
AT&T Mobility
CenturyLink
DirecTV
Flexential
Irvine Ranch Water District
PG&E
Recology
Southern California Edison
Town of Windsor
Verizon Wireless
Vista
Waste Management

**Employee Benefit Providers and Employment Agencies**
Aetna
Celergo LLC
GeoBlue
Great-West Life & Annuity Insurance Company
Judge Technical Services, Inc.
Kaiser
Marsh & McLennen
Metlife
The Ultimate Software Group, Inc.

**Insurers**
AIG
AIG / National Union Fire Insurance Company of Pittsburgh, PA
Allianz Global US Risk Insurance Company
ANV – Amtrust International Underwriters
Berkley Insurance Company
Capitol Indemnity Corp.
Chubb / Federal Insurance
CNA / Continental Casualty Company
Crump Insurance Services/ Chubb Custom Insurance
Falvey Cargo Underwriting / Underwriters at Lloyd's London
Homeland Insurance Company of New York
Hudson Insurance Company
National Union Fire Insurance Company of Pittsburgh, PA
Old Republic Insurance Company/CUG

**TriVascular Sales LLC - Interested Parties List**

One Beacon / Homeland Insurance Co of NY
Starstone Specialty Insurance
Travelers/Travelers Casualty & Surety Company of
America
Travelers Insurance
VIKCO/Lloyd's of London
Wesco Insurance Company
Westchester Surplus Lines

**Office of the United States Trustee**
Kippes, Meredyth
Lambert, Lisa L.
McKitt, Stephen
Resnick, Nancy S.
Schmidt, Erin

**Judges in the United States
Bankruptcy Court**
Hale, Harlin D.
Houser, Barbara J.
Jernigan, Stacey G.C.
Jones, Robert L.
Morris, Edward L.
Mullin, Mark X.
Young, Elizabeth

## Schedule B

### Relationships with Parties on the Interested Parties List

Aetna

AHS Management Company, Inc

AIG

Alabama Department of Revenue

Aon Consulting Inc

Ardent Health Services

Arizona Department of Revenue

AT&T

AT&T Mobility

Baker & McKenzie

Bank of America, N.A.

Bank of Montreal

Beacon Resources LLC

Blackrock, Inc.

Bowman and Brooke LLP

CenturyLink

Covance Inc

Dentons US LLP

Dignity Health

DirecTV

DLA Piper LLP (US)

Endologix, Inc.

Ernst & Young

FedEx

FieldFisher LLP

Fish & Richardson P.C.

Foley & Lardner LLP

Great-West Life & Annuity Insurance Company

Hogan Lovells US LLP

Incept LLC

Internal Revenue Service

Kaiser Permanente

Kaiser Foundation Health Plan

King & Spalding

Knobbe, Martens, Olson & Bear

LinkedIn Corporation

Littler Mendelson PC

MedStar Health, Inc.

Metlife

Office Depot

Pennsylvania Department of Revenue

PG&E

Pinnacle Ventures III Equity Holdings

Piper Jaffray Companies

Ropes & Gray, LLP

Saints Ventures II, L.P.

Southern California Edison

State of Rhode Island

Stradling, Yocca, Carlson & Rauth

Thompson Hine LLP

Travelers Casualty & Surety Company of America

Travelers Insurance

Trinity Health Corporation

Underwriters at Lloyd's London

University of Kentucky

US Bank Equipment Finance

Verizon Wireless

Wellington Management Co. LLP

Wells Fargo Bank

Wilmington Trust, N.A.