

CLERK, U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

# ENTERED

THE DATE OF ENTRY IS ON
THE COURT'S DOCKET

**The following constitutes the ruling of the court and has the force and effect therein described.**

**Signed May 9, 2022**

_____
United States Bankruptcy Judge
_____

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| TRIVASCULAR SALES LLC, *et al.*,[1] | § | Case No. 20-31840 (SGJ) |
| | § | |
| Reorganized Debtors. | § | (Jointly Administered) |
| | § | |
| | § | **Re: Docket No. 680** |

### FINAL DECREE AND ORDER CLOSING THE REMAINING CHAPTER 11 CASE AND TERMINATING SERVICES OF OMNI AGENT SOLUTIONS

Upon consideration of the application (the "Application")[2] of the above-captioned reorganized debtors (the "Reorganized Debtors") for entry of a final decree and order (the "Final Decree") (i) closing the Remaining Case, (ii) terminating the appointment and services of Omni Agent Solutions, as claims, noticing and administrative agent in the Remaining Case ("Omni"),

---

[1] The Reorganized Debtors in these chapter 11 cases, along with the last four digits of each Reorganized Debtor's federal tax identification number, are: Endologix LLC (8265), TriVascular Technologies, Inc. (7313), Nellix, Inc. (8416), TriVascular, Inc. (2620), and Endologix Canada, LLC (2872). The corporate headquarters and mailing address for the Reorganized Debtors listed above is 2 Musick, Irvine, California 92618.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Application.

and (iii) granting related relief, all as more fully described in the Application; and the Court having jurisdiction to consider the Application and the relief requested therein; and venue being proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409; and this being a core proceeding pursuant to 28 U.S.C. § 157(b); and the Court having found that the relief requested in the Application is in the best interest of the Debtors' estates, creditors, and other parties-in-interest; and the Court having found that the Remaining Case has been fully administered; and it appearing that due and appropriate notice of the Application has been given and that no further notice need be given; and good and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT**:

1. The Application is GRANTED as set forth herein.

2. Pursuant to section 350(a) of the Bankruptcy Code, Bankruptcy Rule 3002 and Local Rule 3022-1, the Remaining Case, *In re TriVascular Sales LLC*, Case No. 20-31840, is hereby closed effective as of the date hereof; *provided*, *however*, the Court shall retain jurisdiction over all matters arising from or related to the interpretation and implementation of this Final Decree and all matters set forth in Article X of the Plan.

3. The Clerk of the Court shall provide an appropriate entry on the docket of the Remaining Case providing that a final decree has been entered and that the Remaining Case is deemed closed as of the date hereof.

4. This Final Decree is without prejudice to any party-in-interest's right to seek to reopen the Remaining Case in accordance with section 350(b) of the Bankruptcy Code and Rule 5010 of the Bankruptcy Rules.

5. The Reorganized Debtors shall file a final quarterly operating report and pay any fees accrued and owing under 28 U.S.C. § 1930 with respect to any disbursements made in the Remaining Case within fourteen (14) days of entry of this Final Decree.

6. Subject to the performance of Omni's obligations pursuant to this Final Decree, Omni's engagement as the claims, noticing and administrative agent in the Remaining Case is terminated effective as of the date of this Final Decree, and Omni is deemed discharged of its obligations in the Remaining Case. Omni shall coordinate with the Clerk of the Court regarding the transfer of copies of all Proofs of Claim and related registers to the Clerk of the Court, or as otherwise directed by this Court or the Clerk of the Court.

7. Notwithstanding any Bankruptcy Rule to the contrary, this Final Decree shall be immediately effective and enforceable upon its entry.

###END OF ORDER###

Order submitted by:

**DLA PIPER LLP (US)**

By: */s/ Andrew B. Zollinger*
Andrew B. Zollinger, State Bar No. 24063944
DLA Piper LLP (US)
1900 North Pearl Street, Suite 2200
Dallas, Texas 75201
Telephone: (214) 743-4500
Facsimile: (214) 743-4545
E-mail: andrew.zollinger@dlapiper.com

- and -

Rachel Nanes (admitted *pro hac vice*)
DLA Piper LLP (US)
200 South Biscayne Boulevard, Suite 2500
Miami, Florida 33131
Telephone: (305) 423-8563
Facsimile: (305) 675-8206
E-mail: rachel.nanes@dlapiper.com

*Counsel for the Reorganized Debtors*